COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Petty, Russell and AtLee
Argued at Williamsburg, Virginia

STEVEN ALLEN STARR

OPINION BY
v.        Record No. 1824-18-1          JUDGE WILLIAM G. PETTY
JUNE 11, 2019
MARGARET ANNE STARR

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Allison W. Anders (Erin C. McDaniel; Parks Zeigler, PLLC, on briefs),
for appellant.

Peter J. Jankell (Jankell & Ireland, PC, on brief), for appellee.


In calculating the marital share of husband's military retirement, the trial court concluded

that it must use husband's years of service as of the date of divorce, rather than as of the date of

actual future retirement.  The trial court believed the change from prior precedent was

necessitated by a change effective December 23, 2016, in 10 U.S.C. § 1408, the Uniformed

Services Former Spouses' Protection Act (USFSPA).  In a matter of first impression for this

Court, we agree that the change in the USFSPA requires a trial court to use the date of divorce as

a hypothetical date of retirement in calculating the martial share of a military pension.

## I.  BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated.  "When

reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to

the prevailing party, granting it the benefit of any reasonable inferences."  Congdon v. Congdon,

40 Va. App. 255, 258 (2003).

Steven Allen Starr (husband) entered the military in 1997 and married Margaret Anne Starr (wife) in 2000. At the time of the parties' divorce in 2018, husband had not retired from the military. Equitable distribution of husband's military retired pay is the only issue before this Court on appeal. Wife argued to the trial court that although Virginia precedent determines marital share of a defined benefit retirement plan by looking at the total time in the plan until retirement, the December 23, 2016 amendment to the USFSPA now requires the trial court to deem the date of retirement to be the date of divorce. The trial court agreed. Husband appeals the use of the date of divorce rather than the date of actual retirement in determining the marital share of the retirement subject to equitable distribution.

## II. ANALYSIS

In Virginia, a trial court is required "[u]pon decreeing . . . a divorce from the bond of matrimony," to equitably divide marital property, including retirement benefits. Code § 20-107.3(A). Where property is classified by the trial court as "part marital property and part separate property," the trial court must determine the marital share of the property. Code § 20-107.3(A)(3). For pensions and retirement benefits, "'[m]arital share' means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent." Code § 20-107.3(G)(1). In summary, a trial court engages in a three-step process to equitably divide an interest in a defined benefit plan; it determines the total interest in the plan, determines the marital share of the total interest, and equitably divides the marital share.

### A. Total Interest in the Context of Military Retirement

The total interest in a military retirement is defined by federal law for purposes of distribution in a divorce proceeding. In 1981, the United States Supreme Court distinguished military retirement benefits from other retirement benefits. McCarty v. McCarty, 453 U.S. 210,

- 2 -

224 (1981). The Court concluded that "the military retirement system confers no entitlement to retired pay upon the retired service member's spouse" and held that state courts were preempted from distributing military retirement as a marital asset. Id. Thus, for divorce purposes, the total interest of a military retirement available for state court division was zero. The Court concluded that if Congress decided "that more protection should be afforded a former spouse of a retired service member," then it was "for Congress alone" to make a legislative change. Id. at 235-36.

Congress promptly responded with the Uniformed Services Former Spouses' Protection Act, which was codified in 10 U.S.C. § 1408. "The USFSPA legislatively overruled McCarty and returned to state courts the power to treat 'disposable retired or retainer pay,' subject to 10 U.S.C. § 1408(a)(4), as community property in accordance with state law." Cook v. Cook, 18 Va. App. 726, 729 (1994).

> With the enactment of the USFSPA, "any court of competent jurisdiction," including a court of competent jurisdiction "of any State," 10 U.S.C. § 1408(a)(1)(A), may now "treat disposable retired pay . . . either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court," 10 U.S.C. § 1408(c).

Dugan v. Childers, 261 Va. 3, 11 (2001) (ellipses in original). The USFSPA also placed limits on the authority of such court by requiring

> (1) that only disposable retirement income may be considered as community property, (2) that a court may not order a military member to retire in order to effectuate a payment of retirement benefits, and (3) that no more than fifty percent of the disposable retired or retainer pay may be paid out. 10 U.S.C. §§ 1408(c)(1), (c)(3), (d)(1).

Balderson v. Balderson, 896 P.2d 956, 959-60 (Idaho 1995). In summary, the USFSPA granted state courts the limited authority to treat "disposable retired pay" earned by a military member as a property interest that could be equitably divided upon divorce. The total interest to be

considered by the trial court was the disposable retired pay a military member was entitled to receive at retirement.

The December 23, 2016 amendment to the USFSPA (Amendment) changed the definition of disposable retired pay in the context of divorce and thereby changed the total interest that is available for equitable distribution by state courts. The basic definition of "disposable retired pay" remained "the total monthly retired pay to which a member is entitled less [certain] amounts . . . ." 10 U.S.C. § 1408(a)(4)(A). However, the Amendment added subsection B to limit the portion of the retired pay available for distribution in a divorce.[1]

> [I]n the case of a division of property as part of a final decree of divorce . . . that becomes final prior to the date of a member's retirement, the total monthly retired pay to which the member is entitled shall be . . . the amount of retired pay to which the member would have been entitled using the member's retired pay base and years of service on the date of the decree of divorce, dissolution, annulment or legal separation [computed with appropriate cost of living adjustments].

10 U.S.C. § 1408(a)(4)(B). Thus, the Amendment freezes a spouse's interest in the service member's military retirement as of the date of divorce. Subsection 10 U.S.C. § 1408(a)(4)(B) preempts states from considering military service or pay increases after the date of divorce. This calculation contrasts with the general rule that the total interest in a defined benefit retirement plan is valued as of the day of retirement. See Mann v. Mann, 22 Va. App. 459, 464 (1996).

In summary, in determining the total interest of a member's military retirement for purposes of equitable distribution pursuant to Code § 20-107.3, the Amendment simply requires that the trial court use the date of divorce as the hypothetical date of retirement so that the amount of retired pay "us[es] the member's retired pay base and years of service on the date of

---

[1] The original wording of the 2016 amendment was altered slightly in 2017 to make it clearer. The Code's 2017 language is the same as that in use today and is used in our analysis.

the decree of divorce." 10 U.S.C. § 1408(a)(4)(B). The Amendment precludes the state court from including post-divorce service as a component of the total interest in the service member's military retirement.

### B. Marital Share of a Military Retirement Under Virginia Law

A trial court may equitably distribute only the marital share of military retired pay. See Code §§ 20-107.3(A)(3); -107.3(G). Where a military member served before the marriage the total monthly retired pay to which a member is entitled upon retirement is not entirely marital property. Accordingly, once a military retirement interest has been identified, the trial court must determine the marital share of the interest. See Code § 20-107.3(G)(1).

Generally, the marital share of a defined benefit retirement plan is "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent." Id. "Under Virginia law, it is well established that the marital portion of a defined benefit plan is distinguished from the separate portion by the application of a fraction, the numerator of which represents the total time the pensioner is employed during the parties' marriage, and the denominator of which represents the total time the pensioner is employed through the date of retirement." Mann, 22 Va. App. at 464.[2]

_____

[2] This fraction is known as a "coverture fraction." Lewis v. Lewis, 53 Va. App. 528, 532 n.2 (2009) ("[T]he term 'coverture fraction' refers to a fraction or percentage used to determine the marital portion of a benefit plan, usually defined as the time during the marriage that the spouse was employed by the company providing the benefit (the numerator) divided by the total time of the spouse's employment with that company (the denominator)." Under the general rule for determining the marital share of a defined benefit plan, the denominator is described as "total time of the spouse's employment with that company." See id. This is because the length of time until the spouse's future retirement is unknown at the time of divorce. Where the pension owner retires before divorce, the numeric denominator is known and is used. Similarly, the Amendment applies only to cases where the final decree of divorce "becomes final prior to the date of a member's retirement." 10 U.S.C. § 1408(a)(4)(B). Where a service member retires

Virginia courts have used this marital-share fraction to determine the marital share of military retirements as well as public and private defined benefit plans. See e.g., Mosley v. Mosley, 19 Va. App. 192, 198 (1994) (reversing trial court's award of 50% of the military retirement when the couple had been married only 17 1/2 years of husband's 20-year military service).[3] Virginia's procedure has comported with the "formula award" allowed under the federal regulations.

> A formula award computes a former spouse's property interest in a military member's retired pay based on the relationship of the length of the parties' marriage during the member's creditable service (numerator) to the member's total service that is creditable toward retirement (denominator). A formula award is stated as a marital fraction in which the numerator and denominator are multiplied by a given percentage.

DoD 7000.14-R, Fin. Mgmt. Reg., vol 7B, ch. 29, § 290211 (Dep't of Defense June 2017). Although the majority of states, including Virginia, have used the formula award method for determining the marital share of military retirement pay, a "small but significant minority of [jurisdictions] follow the *date of divorce approach*." 2 Brett R. Turner, Equitable Distribution of Property § 6:25, at 234 (4th ed. 2019). This approach uses the same martial-share fraction but

---

prior to the date of divorce, the Amendment does not apply, and the marital share is calculated using as the denominator the length of service until actual retirement.

[3] Husband suggests that because there has been no amendment to Code § 20-107.3(G)(1), *stare decisis* required the trial court to apply the fraction approved in Mann and Mosley. We disagree. "*Stare decisis* 'is not an inexorable command.'" Home Paramount Pest Control v. Shaffer, 282 Va. 412, 419 (2011) (quoting McDonald v. City of Chicago, 561 U.S. 742, 812 (2010) (Thomas, J., concurring)). "Indeed, this Court's obligation to reexamine critically its precedent . . . enhance[s] confidence in the judiciary and strengthen[s] the importance of stare decisis in our jurisprudence." Id. (alterations in original) (quoting Nunnally v. Artis, 254 Va. 247, 253 (1997)). One condition warranting a reexamination of our precedent "is where the law has changed in the interval between the earlier precedent and the case before us." Id. Here, the Amendment has materially changed the law, requiring that we revisit our precedent as applied to military pensions.

calculates the length of service and pay base as of the date of divorce as a hypothetical date of retirement.

> Hypothetical retired pay award is an award based on a percentage of retired pay that is calculated using variables provided in a court order that are different from the member's actual retirement variables. The retired pay calculated using the court ordered variables is called the member's hypothetical retired pay. A hypothetical award typically attempts to define the property interest in the retired pay as if the member had retired at the time the court divided the member's military retired pay based upon the member's rank, or high-3 amount, and years of service accrued to that point in time. Thus, the former spouse does not benefit from the member's pay increases due to promotions or increased service time after the divorce.

DoD FMR vol. 7B, ch. 29, § 290213. Prior to the Amendment, states could determine the marital share of a military retirement based on the length of service to either the date of retirement or to the date of divorce. The Amendment simply eliminates that choice for divorce decrees entered after December 23, 2016, by requiring state courts to use the date of divorce as the hypothetical retirement date when determining the total interest in the retired pay available for equitable distribution.

## C. Equitable Distribution

Finally, the trial court may equitably distribute the marital share of the member's military retirement. The portion granted to the spouse is generally expressed as a percentage of the marital share. However, the "total amount of the disposable retired pay of a member" distributable to a member's spouse "may not exceed 50 percent of such disposable retired pay." 10 U.S.C. § 1408(e).

## D. Application

Here, the trial court correctly applied the three-step process in determining the equitable distribution of husband's military retirement. First, the trial court concluded that the total

interest available for distribution was husband's total months of creditable service using the date of divorce as the hypothetical date of retirement. The trial court was precluded by the Amendment from considering any military service or pay increases after the date of divorce. See 10 U.S.C. § 1408(a)(4)(B). The total interest in the retirement for purposes of equitable division was therefore husband's retired pay as calculated using his pay and length of service as of the day of divorce.

Next, the trial court calculated the marital portion of the retirement by using the marital-share fraction. The trial court determined the months between the parties' marriage and separation to be 181 and used that number as the numerator of the fraction. See Mann, 22 Va. App. at 463. The trial court used as the denominator the "years of service accrued to that point in time [of the date of divorce]." DoD FMR vol. 7B, ch. 29, § 290213.[4] This was the correct fraction to determine the marital portion of husband's disposable retired pay.

Finally, the trial court assigned to wife 50% of the marital share of husband's retired pay. Since husband has not yet retired, wife will receive her interest in husband's retired pay when he actually retires. See 10 U.S.C. § 1408(c)(3) ("[A court may not] order a member to apply for retirement or retire at a particular time in order to effectuate any payment under this section.").

Husband argues that use of the date of divorce approach cannot be the only option for determining the marital portion of his retirement because the regulations list sample orders based on both the formula award (using the date of actual retirement) and the hypothetical formula award (using the date of divorce). However, the Amendment affects only those final divorce

---

[4] In calculating the marital share of husband's disposable retirement pay, the trial court determined the "total number of months of creditable service" at the time of husband's hypothetical retirement. See 10 U.S.C. § 1408(a)(4)(B). However, the court used September 1, 2018, rather than October 23, 2018, which is the date the final decree was signed. This appears to be a scrivener's error, and we will remand for correction of the date to reflect the date of the divorce decree in determining the length of creditable service.

decrees signed after December 23, 2016; decrees entered prior to the Amendment that award a former spouse a share of the military member's retirement pay based on the date of actual retirement are still acceptable. The divorce decree here was entered on October 23, 2018. Accordingly, the trial court correctly used the date of divorce to determine the appropriate denominator of the marital-share fraction.

Husband argues the trial court erred in concluding that the Amendment "preempted state laws by mandating the method state courts must use in dividing military retired pay." Husband misunderstands the interplay between the federal law and state law in this context. As explained above, federal law determines the total interest in a military member's retired pay that is distributable to a spouse at the time of divorce. See McCarty, 453 U.S. at 224; 10 U.S.C. § 1408. To the extent that states cannot alter the total interest to be divided, they are preempted by federal law. In contrast, however, the *method* by which a trial court determines the *marital share* of that interest continues to be a question of state law governed in Virginia by Code § 20-107.3(G). In other words, a trial court in Virginia determines the marital share of military retirement by applying the marital-share fraction. The denominator of that fraction is the time of military service until the date of divorce because that is the date of hypothetical retirement. Any other denominator would not render an accurate marital-share determination as required by Code § 20-107.3. Here, the trial court applied the fraction that would determine the marital share of husband's disposable retired pay. To the extent that some of the trial court's statements may have inartfully described the determination of the marital share as "preemption," we will not fix upon the wording when the trial court *applied* the law correctly. See Groves v. Commonwealth, 50 Va. App. 57, 61-62 (2007) ("In reviewing the record, therefore, we will not 'fix upon isolated statements of the trial judge taken out of the full context in which they were made and use them

as a predicate for holding the law has been misapplied.'" (quoting Bullock v. Commonwealth, 48 Va. App. 359, 368 (2006))).[5]

Both parties requested an award of attorney's fees in accordance with Rule 5A:30. Because this appeal involved an issue of first impression and the basis for the appeal was not frivolous, we decline to award attorney's fees.

### III.  CONCLUSION

The trial court did not err in determining the marital portion of husband's military retirement by using the length of service as of the date of divorce as the denominator, representing the hypothetical date of retirement.  Accordingly, we affirm and remand for correction of the date of creditable service from September 1, 2018, to the date of the final divorce decree.

Affirmed.

---

[5]  During its 2019 Session, the General Assembly added to Code § 20-107.3(G)(1) the sentence, "Any determination of military retirement benefits shall be in accordance with the federal Uniformed Services Former Spouses' Protection Act (10 U.S.C. 1408 et seq.)."  2019 Va. Acts ch. 304.  We do not consider this enactment in our analysis because it does not take effect until July 1, 2019.