COURT OF APPEALS OF VIRGINIA

Present:  Judges Russell, Lorish and Senior Judge Annunziata
Argued by videoconference

UNPUBLISHED

BRANDI M. MALY

v.          Record No. 0685-21-4

TRENTON J. MALY

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
FEBRUARY 1, 2022

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
James A. Willett, Judge

David M. Levy (Kaley E. Duncan; Surovell Isaacs & Levy PLC, on
briefs), for appellant.

Maryse C. Allen (Monroe A. Windsor; Compton & Duling, L.C., on
brief), for appellee.

Brandi M. Maly (wife) appeals the circuit court's "Clarifying Court Order" regarding

Trenton J. Maly's (husband) military retirement.  Wife argues that the circuit court erred by finding

that she was estopped from applying 10 U.S.C. § 1408 *et seq.*, the Uniformed Service Former

Spouses' Protection Act (USFSPA), "due to her submission of a [p]ension [s]chedule at trial which

incorrectly defined 'Marital Portion' using outdated Virginia law."  She further contends that the

circuit court erred by applying the "Doctrine of Inconsistent Positions" and failing to follow *Starr v.

Starr*, 70 Va. App. 486 (2019).  Wife also argues that the circuit court erred by failing to apply 10

U.S.C. § 1408(a)(4)(B) "in determining the total number of months of creditable service to be used

for the parties' Qualifying Court Order of the Military Pension" of husband.  In addition, wife

asserts that the circuit court erred by "using contradictory definitions of 'total months of creditable

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

service' in its Clarifying Court Order . . . ." Lastly, wife contends that the circuit court erred by "failing to rule" on her request for attorney fees.

Husband assigned cross-error to the circuit court's "Clarifying Court Order." Husband argues that the circuit court erred by excluding his expert witness, Colonel Mark E. Sullivan, from testifying about his fees, the proposed orders, and specifically, military pension division for active-duty members in divorce matters. Husband further contends that the circuit court erred by "ignoring DoD Financial Regulation Figure 29-2 at Vol. 7b, Chapter 29 which demonstrates that the DFAS accepts the formula award" he advanced in the trial court. Finally, husband asserts that the circuit court erred by "ignoring" specific language defining the formula award, which uses the military member's total creditable service as the denominator.

For the reasons stated below, we affirm the circuit court's decision in part, reverse in part, and remand this case to the circuit court for further proceedings consistent with this opinion.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

The parties married on March 3, 1999, and divorced on March 1, 2018. Husband is a member of the United States Air Force, and his military retirement was an asset for equitable distribution. During the equitable distribution trial, wife presented an exhibit, which reflected her request for fifty percent of the "Marital Portion" of husband's military retirement. The exhibit defined "Marital Portion" as "[n]o. of months of pension accrual during marriage divided by the total number of months of pension accrual."

- 2 -

At the conclusion of the two-day trial, the circuit court stated that it "had occasion to consider the evidence and the argument and reach[ed] a decision . . . as to all matters that [it had been] called upon to decide in this case . . . ." The circuit court found that "under all of the circumstances," it was inappropriate to divide husband's military retirement "on a 50/50 basis." The circuit court specifically rejected wife's request for fifty percent of the "marital portion," and instead, it awarded wife "40% of the marital share" of husband's military retirement. When it issued its ruling from the bench, the circuit court did not specify the formula to be used to determine wife's share.

On March 1, 2018, the circuit court entered the final order of divorce. Paragraph 2(B) of the final order of divorce provided, in relevant part, that wife was "awarded Forty Percent (40%) of the marital share of [husband's] disposable military retired pay . . . , to be accomplished by appropriate Orders complying with *applicable federal law* governing their division. The [c]ourt's jurisdiction is reserved for entry of such Orders." (Emphasis added). Although wife objected to the amount of the award being forty percent, as opposed to fifty percent, neither party objected to the division being "accomplished by appropriate Orders complying with applicable federal law."

On August 18, 2020, wife filed a "Motion to Enter Qualifying Court Order (Military Pension) and for Other Relief" and submitted a proposed order. Wife's proposed order awarded her forty percent of the marital share, as calculated by the following formula[1]:

---

[1] We limit our discussion to the denominator proposed for the formula, as the parties agreed to the remaining aspects of the formula.

$$\dfrac{\substack{\text{Number of Months of Creditable Service} \\ \text{Accrued From the DOM on 3/3/1999 to the} \\ \text{Parties' Date of Separation on 5/31/2016} \\ \underline{\text{(Stipulated by the Parties to be 207 Months)}}}{\substack{\text{Total Number of Months of Creditable Service} \\ \text{Accrued as of the Date of the} \\ \text{Final Order of Divorce on 3/1/2018} \\ \text{(Stipulated by the Parties to be 261 Months)}}} \quad X \quad 40\% \quad X \quad \substack{\text{Member's} \\ \text{Disposable Retired} \\ \text{Pay}}$$

Wife also requested an award of attorney fees and costs associated with the motion.

Husband objected to wife's proposed denominator being the number of months of creditable service accrued as of the date of the final order of divorce. Husband proposed that the denominator be the number of months of creditable service as of his retirement. Husband explained that he was still an active-duty member of the military and continued to accrue creditable service.

Both parties submitted memoranda in support of their positions. Thereafter, husband requested that the original judge from the equitable distribution trial hear the parties' motions. Husband argued that during the equitable distribution trial, wife had submitted an exhibit which stated that the marital share would be calculated as "[n]o. of months of pension accrual during marriage divided by the total number of months of pension accrual." Husband asserted that he had agreed to that formula and that wife was "tak[ing] inconsistent positions in litigation . . . ." Husband further alleged that the original trial judge would be "best situated to rule on this issue, having presided at trial." Wife objected, and the circuit court denied husband's motion because the court "speaks through its orders . . . ."

On June 3, 2021, the parties appeared for argument on wife's motion for entry of a qualifying court order. The sole issues were attorney fees and the appropriate denominator for the order. The parties had stipulated to the remaining parts of the above formula, and husband agreed with all other aspects of wife's proposed order. The parties further agreed that applicable

federal law when they divorced provided that the proper denominator was the total number of months of creditable service as of the date of the divorce. Husband confirmed that both counsel had informed the trial judge of the existing federal law at the time of the equitable distribution trial. Nevertheless, husband relied on wife's trial exhibit and argued that she had changed her position regarding the denominator. Husband offered Colonel Mark E. Sullivan as an expert witness on "military pension division law," but the circuit court prohibited him from testifying. Husband proffered the expected testimony.

After hearing the parties' arguments, the circuit court acknowledged that the applicable federal law at the time of the divorce froze "the spouse's interest in the service member's military retirement as of the date of divorce." The circuit court, however, found that although wife's position at the hearing coincided with federal law, wife had taken a different position during the equitable distribution trial, as evidenced by her exhibit. The circuit court found that wife could not approbate and reprobate, and it entered husband's proposed order dividing his military retirement.

At the conclusion of the hearing, wife moved for an award of attorney fees. The circuit court took the matter under advisement but never ruled on the issue. Wife timely filed a motion to reconsider requesting that the circuit court revisit its decision regarding the entry of the qualifying order. The motion, however, did not raise wife's requests for attorney fees. The circuit court denied the motion to reconsider.[2] This appeal followed.

---

[2] The circuit court's order incorrectly referred to the motion to reconsider as "Defendant's," or husband's, motion, instead of wife's motion, and directed the clerk to send a copy to the Commonwealth's Attorney. Wife did not appeal the order denying the motion to reconsider.

ANALYSIS

"Clarifying Court Order"

Wife challenges the circuit court's entry of the "Clarifying Court Order." Wife argues

that the circuit court failed to apply the correct law when issuing its order. We agree and reverse

the circuit court's ruling. "[W]e review the trial court's statutory interpretations and legal

conclusions *de novo*." *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 434 (2020) (quoting

*Navas v. Navas*, 43 Va. App. 484, 487 (2004)).

Wife argues that the circuit court failed to follow applicable federal law and *Starr v.*

*Starr*, 70 Va. App. 486 (2019), when it entered the "Clarifying Court Order" with the

denominator of the coverture fraction representing the number of months of total creditable

service as of the date of husband's retirement, rather than the date of divorce. Husband counters

that wife sought "to improperly modify the divorce decree through the clarification order."

The circuit court entered the final order of divorce on March 1, 2018, reserving

jurisdiction to enter an order dividing husband's military retirement in compliance with

"applicable federal law." Other than the reservation to address husband's military retirement, the

circuit court lost jurisdiction over the final order of divorce on March 22, 2018, twenty-one days

after its entry. *See* Rule 1:1(a). Neither party appealed the final order of divorce.

Approximately two years later, wife moved for entry of her proposed order to divide husband's

military retirement.

The parties agreed that in 2016, Congress amended the USFSPA and the definition of

disposable retired pay. *See* 10 U.S.C. § 1408(a)(4)(B). The amendment, which the parties refer

to as the "frozen benefit rule," provided that

> in the case of a division of property as part of a final decree of
> divorce . . . that becomes final prior to the date of a member's
> retirement, the total monthly retired pay to which the member is
> entitled shall be . . . the amount of retired pay to which the member

- 6 -

> would have been entitled using the member's retired pay base and years of service on the date of the decree of divorce . . . .

10 U.S.C. § 1408(a)(4)(B). The amendment "freezes a spouse's interest in the service member's military retirement as of the date of divorce." *Starr*, 70 Va. App. at 491. It "precludes the state court from including post-divorce service as a component of the total interest in the service member's military retirement." *Id.* Both parties further agreed that the frozen benefit rule applied when the circuit court entered the final decree of divorce. The parties had informed the trial judge of the frozen benefit rule during the equitable distribution trial.

With this background in mind, we conclude that the circuit court erred by entering the clarifying court order because the order does not comply with existing federal law or this Court's holding in *Starr*.[3] The clarifying court order uses a formula award with the denominator as the total number of months of creditable service, which would "not be determined until the Member [husband] retires." As we discussed in *Starr*, before the amendment, state courts "could determine the marital share of a military retirement based on the length of service to either the date of retirement or to the date of divorce." *Starr*, 70 Va. App. at 494. The amendment, however, "eliminates that choice for divorce decrees entered after December 23, 2016, by requiring state courts to use the date of divorce as the hypothetical retirement date when determining the total interest in the retired pay available for equitable distribution." *Id.*

---

[3] We have considered, but reject, husband's argument that the holding in *Starr* does not apply here. It is true that this Court issued the opinion in *Starr* after the entry of the parties' final order of divorce; but *Starr* merely applied the 2016 amendment, which already had been enacted when the parties divorced.

In *Starr*, we rejected the argument husband advances here that Virginia courts can use a formula with a denominator based on the date of actual retirement or on the date of divorce.[4] *Id.* at 495. This Court explained that following the amendment, Virginia courts should determine the marital share of military retirement by using a "marital-share fraction," with a denominator as "the time of military service until the date of divorce." *Id.* at 496. "Any other denominator would not render an accurate marital-share determination . . . ." *Id.* Thus, we conclude that wife's proposed retirement order properly applied the frozen benefit rule by using the total number of months of creditable service as of the date of the final order of divorce as the denominator. Wife's proposed order complied with the "applicable federal law," as the final order of divorce required; it did not modify the substantive terms of the final order.

Nevertheless, the circuit court denied wife's motion to enter her qualifying court order because it found that wife had approbated and reprobated during the litigation. Relying on wife's trial exhibit, the circuit court found that wife had taken "a certain position at the trial, and it [was] relied upon by the opposition," but wife subsequently changed her position. The circuit court then entered husband's "Clarifying Court Order," which plainly does not comport with the final decree of divorce, applicable federal law, or this Court's holding in *Starr*.

"A litigant is estopped from taking a position which is inconsistent with one previously assumed . . . in the course of litigation for the same cause of action . . . ." *C. Farrell v. Warren Cnty. Dep't of Soc. Servs.*, 59 Va. App. 375, 414 (2012) (quoting *Burch v. Grace St. Bldg. Corp.*, 168 Va. 329, 340 (1937)); *see also Cody v. Commonwealth*, 68 Va. App. 638, 665 (2018) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." (quoting *Cangiano v. LSH Bldg. Co.*, 271

---

[4] To support his argument that multiple formulas are allowed, husband relied on a sample military retired pay division order found in DoD 7000.14-R, *Fin. Mgmt. Reg.*, vol. 7B, ch. 29, fig.29-2.

Va. 171, 181 (2006))). Considering the totality of the record, we find that wife did not approbate and reprobate or take inconsistent positions.

During the equitable distribution trial, wife argued for fifty percent of the marital portion of husband's military retirement and presented an exhibit reflecting her proposed distribution. The trial judge considered all the evidence, including wife's exhibit. The trial judge rejected wife's proposal and found that "under all of the circumstances," it was "not appropriate" to divide husband's military retirement "on a 50/50 basis." The trial judge, instead, awarded wife forty percent of the marital share of husband's military retirement. Although the trial judge did not specify the formula to divide husband's military retirement when issuing the ruling from the bench, the final decree of divorce expressly provided that husband's military retirement would be divided according to "applicable federal law." "It is well-established that a court speaks only through its written orders." *Johnson v. Johnson*, 72 Va. App. 771, 779 (2021) (quoting *S'holder Representative Serv. v. Airbus Americas, Inc.*, 292 Va. 682, 690 (2016)).

Consistent with the express terms of the final order of divorce, wife prepared a "Qualifying Court Order" dividing husband's military retirement according to what all agree is "applicable federal law." *See* 10 U.S.C. § 1408(a)(4)(B). Thus, the record demonstrates that wife did not change her position during the litigation. Rather, her proposed qualifying court order reflected the circuit court's ruling in the final order of divorce. Accordingly, the circuit court abused its discretion in finding that wife approbated and reprobated.

In sum, we find that the circuit court erred by not following this Court's precedent in *Starr* and using an incorrect denominator in the formula to divide husband's military retirement.

We remand this matter to the circuit court to enter an order that complies with 10 U.S.C. § 1408(a)(4)(B) and *Starr*.[5]

Attorney fees at trial

Wife also argues that the circuit court erred "by failing to rule" on her request for attorney fees. At the conclusion of the hearing, wife requested an award of attorney fees. The circuit court took the matter under advisement. The record does not indicate that the circuit court ever ruled on wife's motion. Wife did not object to the circuit court's decision to take the matter under advisement and did not raise the issue in her motion to reconsider. It was "incumbent" upon wife to renew her motion "or at least remind the court that it was still pending and that [s]he wanted the court to rule on it." *Riner v. Commonwealth*, 268 Va. 296, 310 (2004) (quoting *Green v. Commonwealth*, 266 Va. 81, 94 (2003)). Since wife failed to do so, she waived her argument for appeal.[6] *Id.* at 310, 325; *see* Rule 5A:18.

Expert witness

Husband argues that the circuit court erred by excluding his expert witness from testifying. "This Court will not overturn a circuit court's exercise of its discretion in determining whether to admit or exclude evidence unless the record demonstrates that it abused its discretion." *deCamp v. deCamp*, 64 Va. App. 137, 147 (2014); *see also John Crane, Inc. v.*

---

[5] Considering our holding herein, we need not address wife's assignment of error concerning the contradictory definitions in the "Clarifying Court Order" and husband's assignments of cross-error concerning the formula award. "Following the traditional doctrine of judicial restraint, [appellate courts] 'decide cases "on the best and narrowest grounds available."'" *Chaney*, 71 Va. App. at 438 (quoting *Levick v. MacDougall*, 294 Va. 283, 302 (2017)).

[6] The clarifying court order provided that "[r]uling is reserved as to [wife's] motion for an award of attorney's fees and costs, and jurisdiction is retained therefor." We do not address whether the circuit court properly retained its jurisdiction to rule on the matter at a later date, as that issue was not raised before this Court.

*Jones*, 274 Va. 581, 591 (2007) ("In reviewing the trial court's decision to exclude expert testimony, we apply an abuse of discretion standard.").

At the hearing, husband offered Colonel Mark E. Sullivan as an expert in "military pension division law." Husband proffered that Colonel Sullivan would "explain the interaction between the facts of this case and the rules and power of the [c]ourt to divide military retirement pay." Husband further proffered that Colonel Sullivan would "provide an expert opinion regarding . . . the calculation of the marital share . . . ." Husband explained that Colonel Sullivan would testify that the National Defense Authorization Act "does not define the calculation of the marital share for a member serving on active duty, and that the definition of marital share is a function of state law . . . ." Husband also proffered that Colonel Sullivan would opine that the Defense Finance Accounting Service would accept an order with a fraction and denominator husband proposed. Finally, husband proffered that Colonel Sullivan would testify about his fees for providing his opinion.

The circuit court found that husband's expert was going to testify about the law, which was not permitted under Virginia Rules of Evidence 2:702(a)(i) or 2:704(a). The circuit court explained that it was "happy to be educated on the law and the application of the federal regulations," but expert testimony was not "the way to do it."

In civil proceedings, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Va. R. Evid. 2:702(a)(i); *see also* Code § 8.01-401.3(A). Expert witnesses, however, are not "permitted to express any opinion which constitutes a conclusion of law." Va. R. Evid. 2:704(a); *see also* Code § 8.01-401.3(B).

Here, the circuit court did not abuse its discretion in excluding Colonel Sullivan's testimony. Colonel Sullivan was not offered as an expert concerning a fact of the case; rather, Colonel Sullivan was expected to testify concerning his interpretation of the law, including the National Defense Authorization Act of 2017, USFSPA, and the Department of Defense Financial Management Regulations. This type of testimony is prohibited under Rule 2:704(a) and Code § 8.01-401.3(B). Thus, the circuit court did not err.

## Appellate attorney fees

Both parties have requested an award of attorney fees and costs incurred on appeal. *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). "Since this litigation 'addressed appropriate and substantial issues,' and 'neither party generated unnecessary delay or expense in pursuit of its interests,'" we deny both parties' request for an award of attorney fees and costs incurred on appeal. *Porter v. Porter*, 69 Va. App. 167, 176 (2018) (quoting *Estate of Hackler v. Hackler*, 44 Va. App. 51, 75 (2004)); *see also* Rule 5A:30(b).

## CONCLUSION

For the reasons discussed above, we affirm the circuit court's ruling excluding husband's expert witness from testifying. We reverse the circuit court's ruling dividing husband's military retirement pay using a denominator that does not comply with federal law or this Court's precedent. Accordingly, we remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*