COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Huff and AtLee

MONIDIPA BANERJEE

v.    Record No. 0325-22-4

JEAN-MARC BRISSON

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 6, 2022

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

(Monidipa Banerjee, on briefs), *pro se*.

(Jacob Alzamora, Solan Alzamora, PLLC, on brief), for appellee.


Monidipa Banerjee ("appellant"), *pro se*, appeals the circuit court's order granting

Jean-Marc Brisson ("appellee") partial attorney fees. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). This Court affirms the decision of the

circuit court and denies appellant's motion to amend her reply brief and her motion for a suspension

bond.[1]

BACKGROUND

"When reviewing a trial court's decision on appeal, [this Court] view[s] the evidence in the

light most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On July 18, 2022, appellant filed a motion to amend her reply brief, and on July 21, 2022, she filed a "Motion to Post Bond for Suspension of Execution of the Underlying Judgment." Appellee subsequently filed responses in opposition to both motions. Given this Court's affirmance of the circuit court, it denies appellant's motions.

*Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Appellant and appellee are divorced and share custody of a child in accordance with a custody order. In 2018, both appellant and appellee filed petitions for rules to show cause in the Juvenile and Domestic Relations District Court for Fairfax County (the "JDR court") regarding alleged breaches of their consent custody order. Following the JDR court's ruling that neither party was in contempt of the consent custody order, it conducted a hearing regarding appellee's request for attorney fees. On September 30, 2019, the JDR court held that it had not properly retained jurisdiction in its original order and it therefore lacked jurisdiction over the issue of attorney fees. On October 10, 2019, appellee appealed the JDR court's ruling regarding his attorney fees to the circuit court. Meanwhile, the parties were also involved in a custody matter in the JDR court.

On December 21, 2020, the circuit court conducted a *de novo* trial on the petitions for the rule to show cause. The record does not include a transcript or written statement of facts in lieu of a transcript of this hearing, but the court initially rejected appellee's request for attorney fees from the bench.

In a written order entered on December 29, 2020, the circuit court reconsidered its initial denial of attorney fees. The circuit court found it "unjust not to award some fees" to appellee and held that he was entitled to $6,250 for his attorney fees and costs, to be paid upon conclusion of the parties' pending matter in the JDR court.[2] The circuit court held that the issue of fees would "have to [be] revisited at the custody hearing, [because] the fees awarded here could be added to or subtracted from any fees awarded at the custody hearing, whether the hearing remains in the district court or is later appealed to the [c]ircuit [c]ourt." The circuit court informed the parties that if the

---

[2] Appellee sought approximately $19,800 in attorney fees.

- 2 -

JDR court declined to consider an award of attorney fees, the parties must return to the circuit court for entry of the award.

On December 21, 2021, appellee filed a motion for reconsideration, asking the court to require appellant to pay the award of attorney fees immediately, rather than at the end of the custody matter pending before the JDR court. Appellee informed the circuit court that "significant events"—including criminal charges and a protective order being issued against appellant—had delayed the custody proceedings (and therefore the payment of the attorney fee award). Appellee also asked the court to reconsider the amount of the attorney fee award, stating that the circumstances had "driven up" appellee's attorney fees.

On January 26, 2022, the circuit court entered a memorandum opinion and order resolving appellee's motion to reconsider. The court found that appellant had "been charged with assaulting the child, a two-year protective order ha[d] been put into place against her[,] and [appellee] ha[d] assumed sole custody of the minor child." As a result, the JDR court had suspended the custody proceedings "while [appellant] addresse[d] her pending criminal charge." Calling this delay a "material change of circumstances" regarding the award of attorney fees, the circuit court determined "that the condition for suspending the execution of judgment [could not] be met." Accordingly, the circuit court entered judgment against appellant in the amount of $6,250 and held that it could "be enforced as with any other judgments entered against a party."[3]

In the order, the circuit court noted that it was unnecessary for appellant to file a response, but that if she did file an additional pleading, the circuit court would consider it a motion for reconsideration. On March 25, 2022, appellant filed in the circuit court a lengthy "motion for

---

[3] The circuit court also denied appellee's request for additional fees. On March 31, 2022, the circuit court entered an order correcting the January 26, 2022 memorandum opinion and order to reflect the correct spelling of appellant's name.

appeal of Fairfax County circuit court order entering judgment of $6,250." The circuit court did not rule on this motion.

This appeal followed.

ANALYSIS

On appeal, appellant claims that the circuit court had no legal basis for awarding appellee attorney fees and challenges the circuit court's reasons for the award. Appellant also asserts that the circuit court erred in conducting a *de novo* review of appellee's petitions for rule to show cause because he only appealed the JDR court's denial of attorney fees. Appellant contends that the circuit court violated her constitutional rights by failing to continue this matter pending the conclusion of appellant's criminal matter. Finally, she claims that appellee's attorney engaged in unethical behavior.

An appellant has the burden of showing that reversible error was committed in the matter in which she appealed. *See Alwan v. Alwan*, 70 Va. App. 599, 612 (2019). And an appellate court must "presume the judgment of the trial court to be correct and . . . sustain its finding unless it is plainly wrong or without evidence to support it." *West v. West*, 53 Va. App. 125, 132 (2008) (quoting *M. Morgan Cherry & Assocs. v. Cherry*, 38 Va. App. 693, 702 (2002) (*en banc*)). Moreover, appellant must "provide [this Court] with a record which substantiates [her] claim of error. In the absence [of a sufficient record], [this Court] will not consider the point." *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007) (quoting *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991)); *see also* Rule 5A:8(b)(4)(ii). Appellant's *pro se* status does not excuse her from complying with those rules. *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

Appellant, however, did not include in the record a transcript or written statement of facts in lieu of a transcript of the circuit court hearing.[4] In this case, a transcript or written statement of facts in lieu of a transcript is indispensable to resolving appellant's assignments of error. Without a record of what happened at the hearing, this Court cannot review the evidence and arguments presented at trial, let alone determine whether appellant preserved those arguments for appeal. *See Bay v. Commonwealth*, 60 Va. App. 520, 528-29 (2012); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986); Rule 5A:18. Therefore, this Court will not consider her assignments of error. Rule 5A:8(b)(4)(ii).

That leaves one final issue: appellee requests an award of attorney fees and costs incurred on appeal. *See* Rule 5A:30(b); *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). Exercising that discretion, this Court does "not believe that the equities of this case justify such an award" to appellee. *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021).

CONCLUSION

Accordingly, this Court affirms the circuit court's judgment and denies appellant's motion to amend her reply brief and her motion for a suspension bond.

*Affirmed.*

---

[4] Although appellant stated in her notice of appeal that she would submit a written statement of facts in lieu of a transcript, she never did so.