COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Huff and Lorish


EARL LOUIS BYERS, II, INDIVIDUALLY, AND AS EXECUTOR
  OF THE ESTATE OF DEBRA LYNN BYERS,
  AS TRUSTEE OF THE DEBRA LYNN BYERS REVOCABLE TRUST,
  AS TRUSTEE OF THE SPOUSE REVOCABLE LIVING TRUST CREATED
  UNDER THE DEBRA LYNN BYERS REVOCABLE LIVING TRUST,
  AND AS TRUSTEE OF THE FAMILY TRUST CREATED
  UNDER THE DEBRA LYNN BYERS REVOCABLE LIVING TRUST

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0991-22-1                          PER CURIAM
                                                       APRIL 25, 2023
TAMRA LYNN DUCCESCHI AND
  AMANDA RAE MALBON


                 FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                          Robert H. Sandwich, Jr., Judge

                 (Randolph A. Raines, Jr.; Ferguson, Rawls & Raines, P.C., on brief),
                 for appellants.

                 (Christy L. Murphy; Bischoff Martingayle, P.C., on brief), for
                 appellees.


        The circuit court ruled for Tamra Lynn Ducceschi and Amanda Rae Malbon (collectively

Ducceschi) in their suit against Earl Louis Byers, II, individually and in his capacity as executor and

trustee in several family trusts. The circuit court removed Byers as executor and trustee and ordered

him to pay into the Debra Lynn Byers revocable living trust $136,404.22, the funds he received

following the sale of real property belonging to the estate. To settle the debt, the circuit court

ordered that funds held in escrow under a lis pendens agreement between the parties be released to

Ducceschi as new trustees of the Debra Lynn Byers revocable living trust in partial satisfaction of

_____
[*] This opinion is not designated for publication. *See* Code § 17.1-413.

the judgment. Byers's sole argument on appeal is that the circuit court erred in releasing money escrowed under the lis pendens agreement. After examining the briefs and record here, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the circuit court's judgment.

## BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Debra Lynn Byers (hereinafter D. Byers) died testate in September 2015. At the time of death, D. Byers was a resident of 106 The Machrie, Smithfield, Virginia 23430 (hereinafter The Machrie property). D. Byers was married to Byers and had two daughters from an earlier marriage, Ducceschi and Malbon.

Before her death, D. Byers executed the last will and testament of Debra Lynn Hankins Byers and the Debra Lynn Byers revocable trust. Her daughters were the sole heirs to the estate. Following D. Byers' death in 2015, Byers qualified as an executor of the estate. Byers probated the will with the circuit court but did not provide notice of probate to the heirs. At the time of her death, D. Byers owned two rental properties, including one located at 1772 Pathfinder Drive, Virginia Beach, Virginia (hereinafter the Pathfinder property). Byers sold the Pathfinder property in 2017, but did not put the funds from the sale into D. Byers' trust.

In December 2018, Ducceschi filed a complaint alleging Byers failed "to keep [Ducceschi] reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interest." Ducceschi also alleged Byers breached his fiduciary duties as trustee and asked the circuit court to remove and replace Byers as trustee and executor of D. Byers' estate.

- 2 -

After Byers failed to timely respond to the complaint, Ducceschi moved for default judgment. In April 2019, the circuit court granted Ducceschi's motion for default judgment and removed Byers as executor and trustee of D. Byers' estate. The circuit court appointed Ducceschi as coexecutors and cotrustees. The circuit court continued the matter "for the taking of evidence by the trier-of-fact as to the issue of [Ducceschi's] damages."

The parties entered the lis pendens agreement on April 23, 2020. Byers had sold The Machrie property, titled in the name of Byers' own living trust, and the parties agreed that their counsel would each hold 50 % of the proceeds in escrow pending "written agreement of the parties or . . . court order."

The circuit court conducted a hearing on the issue of damages on August 26, 2021. The circuit court heard evidence that Byers sold the Pathfinder Drive property for $136,404.22 but did not return the funds to D. Byers' trust. At the close of the hearing, the circuit court ordered that the $136,404.22 gained from the sale had to be returned to the trust. The circuit court did not enter a written order memorializing its ruling.

In November 2021, Ducceschi filed a motion for release of escrow and a motion for entry of the final order. Ducceschi stated that their attorney held in escrow the sum of $80,126.61 and Byers' attorney held in escrow the sum of $44,963.67 under the lis pendens agreement, for a total amount of $125,090.28. Ducceschi asked the circuit court to release this amount to partially satisfy Byers' obligations to pay to the trust $136,404.22 under the circuit court's judgment.

The circuit court held a hearing on Ducceschi's motion for release of escrow and motion for entry of final order on May 31, 2022.[1] The circuit court entered the final written order that same day. The circuit court ordered Ducceschi to remain as executors and trustees and removed Byers as

---

[1] The record does not include a transcript, or a written statement of facts in lieu of a transcript, of this hearing.

such. Relevant to this appeal, the circuit court ordered Byers to pay $136,404.22 to the trust and ordered the funds held in escrow under the lis pendens agreement, totaling $125,090.28, be released as partial satisfaction of the judgment. Byers timely appeals.

ANALYSIS

The sole issue on appeal is whether the circuit court erred in releasing the funds held in escrow under the lis pendens agreement as partial satisfaction of the judgment. Byers argues that the funds from the sale of The Machrie property were his personal assets and were not subject to the present litigation. Byers contends that the circuit court "could not direct the proceeds of the sale of real property titled solely in the name of [Byers] to be released to [Ducceschi]."

The record does not contain a timely filed transcript from the circuit court's hearing or a written statement of facts in lieu of a transcript of the May 31, 2022 hearing, when the circuit court ordered the release of the funds from escrow under the lis pendens agreement. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). In this case, Byers never filed a transcript from the May 31, 2022 hearing.

"On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

- 4 -

Without any timely filed transcript or written statement of facts in lieu of a transcript, the Court cannot determine what evidence the parties presented at the May 31, 2022 hearing. This Court cannot review the circuit court's reasoning for ordering the release of funds from escrow as partial settlement from the judgment order. The circuit court's order stated only that the money subject to the lis pendens agreement ($125,090.28) was held in a trust account with each of the parties' attorneys and ordered that these funds "immediately be released to the Debra Lynn Byers Revocable Living Trust in partial satisfaction of the $136,404.22." With no record of the arguments Byers made or the positions he took at the May 31, 2022 hearing, we cannot know that Byers presented the specific arguments he advances on appeal to the circuit court. *See* Rule 5A:18 (an appellate court will only consider arguments that were timely raised in the trial court).

We thus conclude that a transcript, or written statement of facts in lieu of a transcript, from the May 31, 2022 hearing is indispensable to a determination of Byers' assignment of error. "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (alteration in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *see also Bay*, 60 Va. App. at 528-29. Because Byers failed to provide a timely filed transcript or written statement of facts in lieu of a transcript necessary to resolve his assignment of error, we will not consider it. Rule 5A:8(b)(4)(ii).

Ducceschi requests an award of attorney fees and costs incurred in this appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). In making such a determination, the Court considers all the equities of the case. Rule

5A:30(b)(2)(C).  After considering the record before us and all the equities of the case, we deny Ducceschi's request for appellate attorney fees and costs.

CONCLUSION

For these reasons, the circuit court's ruling is affirmed.

*Affirmed.*