UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges O'Brien, Malveaux and Frucci


MARY ANN RADTKE

                                                    MEMORANDUM OPINION*
v.        Record No. 1114-24-2                           PER CURIAM
                                                    SEPTEMBER 16, 2025
THOMAS M. RADTKE, JR.


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

(Monroe A. Windsor; Compton & Duling, L.C., on briefs), for
appellant.

(Brandy M. Poss; Barnes & Diehl, P.C., on brief), for appellee.


Mary Ann Radtke (wife) appeals the circuit court's equitable distribution award. She

asserts that the court erred by considering equity in real property that was not part of the parties'

marital estate. She also claims that the award inequitably favors Thomas M. Radtke, Jr.

(husband). Having examined the briefs and record in this case, the panel unanimously agrees

that oral argument is unnecessary because "the dispositive issue or issues have been

authoritatively decided, and the appellant has not argued that the case law should be overturned,

extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party," in this case husband, "granting [him] the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). The parties got married in 1985 and have one daughter, Shannon Radtke. Wife also has a son from a previous relationship, Dwayne Wait. Both children are adults.

Husband and wife owned multiple parcels of real property during their marriage, including the "Bell Ringer Property," valued at $350,000, and the "Beale Street Property," valued at $215,000. They owed $121,323 on the Bell Ringer Property mortgage as of January 1, 2024. They also owed $24,553 for a home equity line of credit on the Beale Street Property as of September 28, 2022.

Shannon began living at the Bell Ringer Property after the parties purchased it in 2013. Dwayne began living at the Beale Street Property in 2013. The parties planned that Shannon would inherit the Bell Ringer Property and Dwayne would inherit the Beale Street Property, and they executed wills consistent with their estate plan if they died simultaneously.[2]

In early 2021, the parties decided to convey their properties to their children, with either husband or wife remaining on each deed. Husband executed a Deed of Gift conveying the Beale Street Property to wife and Dwayne as joint tenants. Husband and wife separated about four months later. Wife then paid off the home equity line of credit on the Beale Street Property and

---

[1] The record in this case was partially sealed. To the extent this opinion discusses facts contained in the sealed part of the record, we unseal only the specific facts stated in this opinion; the remainder of the sealed record remains sealed. *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023); *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[2] If the parties did not die simultaneously, the survivor would inherit the entirety of the deceased's estate.

gifted it to Dwayne and his spouse.[3]  Husband and wife subsequently cross-filed for divorce and equitable distribution.

Husband testified that the parties intended to keep one of their names on the titles to the Bell Ringer and Beale Street Properties.  He stated that he never agreed to transfer the Beale Street Property to Dwayne and his spouse because Dwayne's spouse had incurred "so much debt" and the parties wanted to ensure that Dwayne "always ha[d] a home."  Husband testified that he wanted to convey the Bell Ringer Property to Shannon immediately and that his name would be removed from the title to the property when he died.

Shannon testified that the parties purchased the Bell Ringer Property for her.  She explained that the parties were "supposed to" convey the Bell Ringer Property to her and her father after transferring the Beale Street Property to Dwayne and her mother.  According to Shannon, wife transferred the title of the Beale Street Property to Dwayne and his spouse after Shannon told her that the Beale Street Property was marital property.

Wife testified that she and husband agreed to transfer title to the Beale Street Property to Dwayne and his spouse.  She also disputed Shannon's testimony and claimed that Shannon had been living in the parties' home.  Wife acknowledged her testimony from a previous hearing indicating that she did not convey the Bell Ringer Property to Shannon because of the parties' mortgage on the property.

The court granted the parties a divorce based on a one-year separation.  The court found that the parties intended to retain their interests in the Bell Ringer and Beale Street Properties during their lifetime and for the children to inherit the properties.  The court also found that husband did "as he had agreed to do, but in advance of death," and that "equity require[d] generally honoring the good intentions of the parties."  After expressly considering the statutory factors, the court awarded

---

[3] Dwayne reimbursed wife for paying off the home equity line of credit.

husband sole ownership of the Bell Ringer Property and ordered him to pay wife $19,114 for her interest in the property. That amount resulted from equally dividing the total equity in the Bell Ringer and Beale Street Properties between the parties and subtracting the value of the equity in the Beale Street Property from wife's share of the total equity.

ANALYSIS

"[A]ll trial court rulings come to an appellate court with a presumption of correctness." *Sobol v. Sobol*, 74 Va. App. 252, 272 (2022) (alteration in original) (quoting *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019)). "Because making an equitable distribution award is often a difficult task, 'we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case.'" *Id.* (quoting *Howell v. Howell*, 31 Va. App. 332, 350 (2000)). Thus, "a circuit court's 'equitable distribution award will not be overturned unless the [appellate court] finds an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" *Id.* (alteration in original) (quoting *Dixon v. Dixon*, 71 Va. App. 709, 717-18 (2020)). "In challenging the court's decision on appeal, the party seeking reversal bears the burden to demonstrate error on the part of the trial court." *Id.* at 272-73 (quoting *Barker v. Barker*, 27 Va. App. 519, 535 (1998)).

Wife contends that the court erred by considering the equity in the Beale Street Property because it was not a part of the marital estate at the time of trial and half of the equity in the property belonged to Dwayne before the parties separated. She alternatively argues that the court erred by enforcing the parties' agreement to transfer the Bell Ringer and Beale Street

Properties to their children because husband failed to transfer the Bell Ringer Property to Shannon.[4]

"Virginia law does not establish a presumption of equal distribution of marital assets." *Hamad v. Hamad*, 61 Va. App. 593, 606 (2013) (quoting *Watts v. Watts*, 40 Va. App. 685, 702 (2003)). "A trial court 'need not start off at the 50-yard line and then look to the discretionary factors of Code § 20-107.3(E) to move the ball marker up or down the sidelines.'" *Id.* (quoting *Robbins v. Robbins*, 48 Va. App. 466, 480 (2006)). "Instead, a trial court 'must consider each of the [Code] § 20-107.3(E) statutory factors and only then determine what relative weight to assign to each.'" *Id.* (quoting *Robbins*, 48 Va. App. at 481). "What weight, if any, to assign to this [or that] factor in the overall decision lies within the trial court's sound discretion." *Robbins*, 48 Va. App. at 481 (alteration in original) (quoting *Owens v. Owens*, 41 Va. App. 844, 859 (2003)). "Equitable distribution, after all, is simply the judicial task of distributing property *equitably*." *Hamad*, 61 Va. App. at 606 (emphasis added); *see also* Code § 20-107.3(E)(11) (authorizing the court to consider "[s]uch other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award").

When viewed in the light most favorable to husband, the record supports the court's conclusion that the parties intended to convey the Bell Ringer Property to husband and Shannon and the Beale Street Property to wife and Dwayne. Husband carried out the parties' intentions with respect to the Beale Street Property by transferring it to wife and Dwayne. After considering the evidence, the court found it equitable to honor the parties' intentions by removing wife from the title

---

[4] "This Court is limited to reviewing the assignments of error presented by the litigant." *Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017). Wife argues that the court erred by considering evidence of husband's reasons for executing the Deed of Gift because the deed is unambiguous. But wife did not assign error to the court's admission of such evidence over her objection below. Accordingly, we do not consider wife's argument on this issue. *Id.*

to the Bell Ringer Property and to credit her with an equal share of the equity in both properties.[5] The court's award equally divided the parties' interests in both properties.[6]

Wife's decision to transfer her interest in the Beale Street Property before trial does not render the court's monetary award inequitable. Rather, had the court failed to consider wife's interest in the Beale Street Property, it would have created a windfall in her favor because her interest in the property was part of the marital estate. Accordingly, the court did not abuse its discretion; the record supports the conclusion that it properly examined the evidence and considered the statutory factors in fashioning its award.[7] *Sobol*, 74 Va. App. at 272.

Husband requests this Court to grant him his appellate attorney fees and costs, under Rule 5A:30. "[T]he question of attorney fees on appeal is committed to our discretion based upon our consideration of all the pertinent facts and circumstances." *Id.* at 290 (citation omitted). Upon review, we deny husband's request.

CONCLUSION

For these reasons, we affirm the court's judgment.

*Affirmed.*

---

[5] Wife asserts that the court erred by enforcing the parties' "agreement" because husband failed to transfer the Bell Ringer Property to Shannon. She misconstrues the court's ruling. The court's equitable distribution award did not enforce a contract. Instead, it based its award on equitable principles.

[6] We recognize that Shannon was not a party in this case and that the court did not order husband to add her to the title to the Bell Ringer Property.

[7] Wife concedes that her fourth assignment of error, alleging that the court erred by failing to apportion the liability on the Bell Ringer Property, is moot because husband executed a post-trial release removing her from liability on their property.