COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Causey and Bernhard

UNPUBLISHED

ANGELITA MARIE POPE, N/K/A
 ANGELITA MARIE ALLEN

MEMORANDUM OPINION[*]
v.        Record No. 0955-24-4                PER CURIAM
JUNE 24, 2025

JOSEPH KEVIN POPE

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Bruce Strickland, Judge

(Anthony C. Williams; Williams Stone, PC, on briefs), for
appellant.[1]

(Juli M. Porto; Elizabeth Carpenter-Hughes; Blankingship & Keith,
P.C.; Buczek Carpenter, PC, on brief), for appellee.

Angelita Marie Pope (wife) appeals a final decree of divorce from Joseph Kevin Pope

(husband).  She challenges the circuit court's equitable distribution and spousal support awards,

including the court's failure to award retroactive spousal support.  Wife also contends that the

court erred in awarding husband attorney fees, denying her request for attorney fees, and failing

to award sanctions against husband for violating a discovery order.  After examining the briefs

and record, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We therefore affirm the

judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] We granted counsel leave to withdraw after briefs had been filed.

BACKGROUND[2]

Husband and wife married in 1991 and separated in February 2022. Husband filed for divorce in March 2023, based on the parties living separately for one year. Wife counterclaimed for divorce on the grounds of adultery, cruelty, and alternatively, one-year separation.

Before the parties separated, husband had retired from the United States Army as a Colonel and was receiving a military pension and disability benefits. In 2015, husband began full-time employment as a civilian, and at the time of the separation, his total annual income was $337,306.32.

The parties moved several times during husband's military career. Initially, wife was a stay-at-home parent for their two children,[3] but she later returned to work full time. At the time of the separation, wife was employed as a paralegal and was also receiving a portion of husband's military pension; her total annual income was $135,099.96.

On November 27, 2023, the circuit court entered a pendente lite order reflecting the parties' agreement that wife would have exclusive use and possession of the marital residence, but they would list it for sale within 30 days and divide the net proceeds equally. Husband had been paying the $2,986 monthly mortgage on the marital residence since the parties separated and agreed to continue doing so. The agreed order also provided that husband would pay wife $4,000 in monthly pendente lite spousal support but reserved attorney fees and spousal support arrearages for the final hearing.

---

[2] "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Starr v. Starr*, 70 Va. App. 486, 488 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

[3] Both children were emancipated before the parties separated.

Before trial, the court granted wife's motion to compel husband to comply with her discovery requests. After husband supplemented his discovery responses, wife considered them deficient and moved to enforce the compel order and for sanctions. After a hearing, the court denied the motion.[4]

At trial, each party submitted monthly income and expense worksheets. Wife reported a monthly net income of $4,452 and expenses of $12,673, which included anticipated rent of $3,035 for a three-bedroom apartment. Wife also estimated paying $1,000 in utilities, $550 for food, $1,200 for automobile expenses, $550 for clothing, $898 in health expenses, and $4,028 in miscellaneous expenses. She planned to live alone but anticipated her children would visit.

Husband reported a monthly net income of $18,048 and expenses of $11,610. He had already moved to a two-bedroom apartment; his expenses included $2,200 in rent, as well as the $2,986 monthly mortgage payment on the marital home until it was sold. Husband's estimated expenses also included $920 in utilities, $850 for food, $2,707 for automobile expenses, $110 for clothing, $108 in homeowners' association dues, and $1,950 in miscellaneous expenses.

Before the hearing, the parties agreed to split their six bank accounts equally. The parties owned a Jeep, Mercedes, and Porsche; only the Porsche was encumbered with a loan. The parties also owned two timeshares, which husband valued at $8,000. Husband testified that he had been responsible for paying all of the parties' financial obligations during the marriage. Following the separation, husband continued to make monthly payments of $200 on the parties' credit cards, which was slightly higher than the minimum payment. Wife had a separate Thrift Savings Plan account valued at $77,323.76 and a retirement account valued at $17,125. Husband had a separate 401K account with $150,509.92, and an Employee Stock Ownership Plan (ESOP) account with a

---

[4] The record does not include a transcript or a written statement of facts of this hearing.

- 3 -

vested amount of $49,499.79 at the time of separation. Husband also had two other retirement accounts valued at $26,959 and $8,550, respectively.

As of the trial date, the marital residence had not yet been sold and was not listed for sale. The parties stipulated that the home was worth approximately $825,000, with a mortgage of approximately $400,000. The parties had listed the home for sale shortly after the pendente lite order, and they received an offer in December 2023. Wife refused to sign the contract, however, so the offer was voided. Wife informed the listing realtor that she did not want to sell the home until the divorce was final, and she did not want to pay rent. When the parties received a second offer, wife reiterated that she did not want to proceed until the divorce was final.

After hearing all the evidence, the court issued an opinion letter finding that wife had not produced sufficient credible evidence to grant a divorce based on either cruelty or adultery by husband. The court instead granted a divorce based on a one-year separation, pursuant to Code § 20-91(A)(9)(a). When considering the equitable distribution factors in Code § 20-107.3(E), the court noted that the parties had a 30-year marriage, during which husband's earnings were used for all utilities, mortgage payments, vacations, and other living expenses, and wife made "mostly nonmonetary contributions."

The court classified the parties' home as marital property and accepted the parties' agreed value of $825,000. The court ordered the parties to list the marital residence for sale within 30 days of the order and divide the proceeds equally. The parties' timeshares were valued at $8,000, and the court awarded both of them to wife, as well as the Jeep. Husband received the Porsche and Mercedes. The court ruled that wife would receive half of the marital share of husband's military retirement pay, and the parties would retain all other retirement accounts in their separate names; the court ordered husband to pay wife $70,560.50 to offset the difference in value. The parties' bank accounts were divided according to their earlier agreement.

- 4 -

In determining spousal support, the court found that the parties shared an upper middle-class lifestyle during the marriage, with husband paying for the parties' financial obligations and wife making mostly nonmonetary contributions to the marriage. There was "minimal evidence" to support a finding that either husband or wife could enhance their earning capacities. The court determined that husband's $32,163.02 monthly income would likely be reduced to $28,108.86 when a portion of his military pay was awarded to wife. Further, wife earned $7,204.17 but would likely earn $11,258.33 after receiving a portion of husband's military pay.

The court had "significant concerns" about wife's monthly income and expense worksheets because the numbers she provided were "either exaggerated, or unreasonable." The court explained that wife's income covered only her $3,035 anticipated rent and $1,000 in utilities, without considering her other expenses, which amounted to $7,526. The court contrasted wife's expenses with husband's, who paid $2,200 in rent, while also paying for the mortgage. The court held that "[a]lthough spousal support [was] appropriate, the amount requested by [w]ife was beyond her demonstrated need." Accordingly, the court awarded wife $1,000 in monthly spousal support for a 10-year period.

When considering attorney fees, the court noted that wife did not comply with the pendente lite order to sell the marital home. The court noted that the parties' realtor had to remove the home from the market "because [wife] [would] not sign any paperwork or [consider] a new offer without the divorce being finalized." As a result, wife's actions made "the time [h]usband paid his attorney to negotiate, draft or review, and subsequently to enforce [the pendente lite order] fruitless." Accordingly, the court ordered wife to pay $7,500 of husband's attorney fees from her share of the profits from the sale the marital residence. After entry of the

final divorce decree, wife noted her exceptions and timely filed a motion for reconsideration, but she did not obtain a ruling from the court within 21 days. *See* Rule 1:1.

ANALYSIS

I. Spousal Support

"The trial court has 'broad discretion in setting spousal support[,] and its determination will not be disturbed except for a clear abuse of discretion.'" *Wyatt v. Wyatt*, 70 Va. App. 716, 719 (2019) (quoting *Giraldi v. Giraldi*, 64 Va. App. 676, 681 (2015)). "When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246 (1986)). "The statute enumerates thirteen specific factors the [trial] court must consider when awarding spousal support." *Id.* (citing Code § 20-107.1(E)(1)-(13)).

"In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay." *Wyatt*, 70 Va. App. at 719 (quoting *Alphin v. Alphin*, 15 Va. App. 395, 401 (1992)). The party seeking spousal support bears the burden of proving all facts necessary for an award. *Payne v. Payne*, 77 Va. App. 570, 593 (2023). "On appeal, this Court does not question whether it would have rendered the same judgment. Rather, 'only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" *Id.* at 595 (quoting *Galiotos v. Galiotos*, 300 Va. 1, 11 (2021)).

Wife acknowledges that the court addressed the Code § 20-107.1 factors but argues that it did not adequately consider her need for support or husband's ability to pay. To support her contention, wife reviewed each statutory factor and highlighted the parties' income disparity. Wife contends that the $1,000 award "barely moves the needle" on her needs, given the parties' upper middle-class lifestyle during the marriage. She asserts that the court improperly gave

husband's monetary contributions more weight than her nonmonetary contributions. Further, though not the basis of the divorce, wife argues that the court also should have considered allegations of husband's indiscretions during the marriage.

Wife's arguments simply ask us to reweigh the evidence, which we as an appellate court cannot do. *See Fadness v. Fadness*, 52 Va. App. 833, 846 (2008) (affirming spousal support award where party merely "re-argued the evidence related to each factor" and asked that it be weighed differently, which was "not a proper appellate argument"). The record establishes that the trial court considered the statutory factors in detail and explained its decision in writing. For example, the court outlined the parties' respective incomes and reviewed their standard of living during the marriage. It evaluated their earning capacities, reviewed their employment histories, and determined their monetary and nonmonetary contributions to the marriage. The court's spousal support award was influenced by wife's estimated expenses, which the court found "either exaggerated, or unreasonable." Wife does not dispute that description of her expenses. Based on its review, the court held that wife was entitled to $1,000 in monthly spousal support for 10 years. We will not "second-guess [the court's] determination on appeal." *Fadness*, 52 Va. App. at 847.

Wife argues that the court abused its discretion by failing to identify the basis for the "nature, amount[,] and duration of the award" as required by Code § 20-107.1(F). The statute provides that "[i]f the court awards periodic [spousal] support for a defined duration, such findings shall identify the basis for the nature, amount[,] and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award." Code § 20-107.1(F). The court complied with this requirement in its opinion letter, which detailed its findings relative to the statutory factors and thus provided a factual basis for the award. A court need not "quantify or elaborate exactly what weight or

consideration it has given to each of the statutory factors." *Robinson v. Robinson*, 54 Va. App. 87, 91 (2009) (quoting *Woolley v. Woolley*, 3 Va. App. 337, 345 (1986)); *see also Fadness*, 52 Va. App. at 846-47 (deferring to the trial court's discretion to determine the weight to give each factor). Given that the court specifically considered the factors in Code § 20-107.1(E), we find no abuse of discretion.[5]

## II. Equitable Distribution

In making an equitable distribution ruling, a court must (1) "classify the property," (2) "assign a value to the property," and (3) "distribute[] the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." *Sobol v. Sobol*, 74 Va. App. 252, 273 (2022) (quoting *Fox v. Fox*, 61 Va. App. 185, 193 (2012)). We have recognized that the trial court's job in determining equitable distribution "is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." *Payne*, 77 Va. App. at 596 (quoting *Stark v. Dinarany*, 73 Va. App. 733, 749-50 (2021)). "Accordingly, 'decisions concerning equitable distribution rest within the sound discretion of the trial court.'" *Id.* (quoting *Stark*, 73 Va. App. at 750).

"The [trial] court's 'discretion is limited only in that the [trial] court must consider all of the factors in Code § 20-107.3(E).'" *Id.* (alterations in original) (quoting *Stark*, 73 Va. App. at 750). We will not overturn an equitable distribution award absent "an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to

---

[5] Wife also argues that the court erred in limiting the duration of the award to 10 years, but this specific argument is waived under Rule 5A:18. She only raised the issue below in her motion for reconsideration, which the court did not rule on before it lost jurisdiction under Rule 1:1. "Because [wife] did not obtain a ruling from the trial court on [her post-trial] motion, 'there is no ruling for [this Court] to review' on appeal, and [her] argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (third alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)). *Accord Brandon v. Cox*, 284 Va. 251, 256 (2012).

support the award." *Dixon v. Dixon*, 71 Va. App. 709, 717-18 (2020) (quoting *Anthony v. Skolnick-Lozano*, 63 Va. App. 76, 83 (2014)).

The court awarded wife $70,560.50 to offset the difference in value between the parties' retirement accounts. In reaching this number, the court valued husband's ESOP stocks at $49,499, as of the date of separation in February 2022. Wife argues that the stock should have been valued at $118,773, which she claims was the last known "account value" as of December 31, 2022. But the court classified the marital portion of that property as the amount vested at the time of separation. Because the court considered only the amount to which wife was entitled as of the separation date, we find no abuse of discretion. *See* Code § 20-107.3(A)(2) (describing marital property to include "that portion of pensions, profit-sharing or deferred compensation or retirement plans . . . acquired by either spouse during the marriage, and before the last separation of the parties"). Moreover, the court considered all the statutory factors and based its findings on credible evidence; thus, we will not disturb the equitable distribution award. *Dixon*, 71 Va. App. at 717-18.

### III. Sanctions

Wife sought an award of attorney fees as sanctions for alleged discovery violations. The court issued an order denying wife's request, but the record does not contain a transcript from the sanctions hearing. "On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon*, 71 Va. App. at 716 (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

According to the order from the sanctions hearing, the court found that both parties had not fully complied with discovery and were not "working together or truly conferring" as required

under Rule 4:12. The order reflects that "some of the missing documents had been provided" and that "supplemental [discovery] responses provided explanations" for other purported deficiencies. We cannot determine the validity of the court's findings or review the evidence and arguments the court considered on the record before us. We conclude that a transcript, or written statement of facts in lieu of a transcript, is indispensable to resolve wife's assignment of error challenging the court's conclusion that sanctions were not warranted. *See Bay*, 60 Va. App. at 528-29. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Because wife failed to provide this Court with an adequate record, her argument is waived.

### III. Attorney Fees

In any divorce decree, the court may provide for the award of counsel fees. Code § 20-79(b). "Whether to award attorney[] fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" *Kane v. Szymczak*, 41 Va. App. 365, 375 (2003) (quoting *Northcutt v. Northcutt*, 39 Va. App. 192, 199-200 (2002)). The court held that wife failed to comply with the pendente lite order to sell the marital home and that her violation of the order caused husband to incur unnecessary attorney fees. Moreover, the court noted that "in addition to deciding she would not abide by the [pendente lite] order, [w]ife also sought a continuance of the trial after making such a decision." Based on our review of the record, we find the court considered the relevant circumstances and did not abuse its discretion in denying wife's request for attorney fees.[6]

---

[6] Wife also challenges the award of husband's attorney fees. Wife did not timely object to the award in the circuit court, so this argument is waived. Rule 5A:18.

## IV. Waived Argument

Wife argues that the court erred in failing to award retroactive spousal support. In the record before us, wife's only reference to this argument was in her written objections to the final divorce decree. Wife also moved to reconsider the final divorce decree, but she never obtained a ruling on that motion before the court lost jurisdiction under Rule 1:1. *See Brandon v. Cox*, 284 Va. 251, 256 (2012) (stating that a motion for reconsideration does not preserve arguments for appeal where the appellant fails to obtain a ruling).

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this rule 'is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.'" *Yazdani v. Sazegar*, 76 Va. App. 261, 276 (2022) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 218 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)).

"Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Bethea*, 297 Va. at 743). The purpose of the contemporaneous-objection rule is to give the trial court "an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." *Cirrito v. Cirrito*, 44 Va. App. 287, 314 (2004). Therefore, this Court does not consider an argument on appeal unless it was presented below with specificity and in time for the court to correct any error. *See Tackett v. Arlington Cnty. Dep't of*

*Human Servs.*, 62 Va. App. 296, 331-32 (2013). "Rule 5A:18 applies to all cases . . . including divorce." *Lee v. Lee*, 12 Va. App. 512, 514 (1991) (en banc).

Where a party fails to obtain a ruling on a matter presented to a trial court, there is nothing for this Court to review on appeal. *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993); *see also Taylor v. Commonwealth*, 208 Va. 316, 324 (1967) (finding waiver where the trial court did not rule on the defendant's objection, and the defendant "did not insist that the court rule" on his objection); *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

Because wife did not obtain rulings on her post-order objections or motion, she did not preserve her assignment of error concerning retroactive spousal support. Wife does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc). Accordingly, Rule 5A:18 bars our consideration of this argument on appeal.

## V.  Appellate Attorney Fees

Finally, wife requests an award of attorney fees and costs incurred in this appeal. "[T]he question of attorney fees on appeal is committed to our discretion based upon consideration of all the pertinent facts and circumstances." *Sobol*, 74 Va. App. at 288. In making this discretionary determination, the Court considers all the equities of the case. Rule 5A:30(b)(2)(C). After considering the record before us and all the equities of the case, we deny wife's request for appellate attorney fees and costs.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*